On the 11th day of August, 1923, the defendant in this case entered into an agreement with the Pepsin Gum Corporation to take over the plant of said company and operate *Page 100 
its business. The defendant was to invest the sum of $15,000. For that purpose, and to secure the defendant for any losses which he might sustain, the Pepsin Gum Company delivered to the said defendant a chattel mortgage on the machinery and fixtures. This mortgage was dated the 11th day of August, 1923, and duly recorded.
Immediately upon the execution and delivery of the mortgage, the defendant Peter Steiger took possession of the property and began to operate the said business, which he continued to do for a period of time. When he found the business could not be conducted with a profit, the defendant Peter Steiger thereafter foreclosed the chattel mortgage.
The chattel mortgage is attacked by the complainant because the allegation is that the affidavit attached to it is insufficient. Section 4 of the Chattel Mortgage act says:
"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation made and subscribed by the holder of the mortgage, his agent or attorney, stating the consideration of said mortgage, and, as nearly as possible, the amount due and to grow due thereon, be recorded as directed in the succeeding section of this act."
It should be noted that the Chattel Mortgage act says that unless immediate delivery of the things mortgaged is accomplished, that the affidavits may be inquired into, and that the consideration must be set up in full. Therefore, I think the question in this case is whether or not immediate delivery was made.
The testimony clearly shows that Mr. Steiger took possession of the mortgaged goods and immediately commenced to operate the plant. This, it seems to me, shows that, having taken possession, the technical objections as to the mortgage itself have been waived.
I shall therefore find that there is no merit in the petition of complainant and shall recommend a decree accordingly. *Page 101